UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ERIC CHU,

     Petitioner,

     v.

JEREMY BEAN, *et al.*,

     Respondents.

Case No. 2:26-cv-00808-GMN-MDC

**ORDER**

This action is a petition for a writ of habeas corpus under 28 U.S.C. § 2254 by Eric Chu, an individual incarcerated at Nevada's High Desert State Prison.  Chu initiated this action on March 18, 2026, by submitting for filing a *pro se* petition for writ of habeas corpus and a motion for appointment of counsel. (ECF Nos. 1-1, 1-2.)

Chu has not paid the filing fee for this action, and he has not filed an application to proceed *in forma pauperis*.  The Court will set a deadline for Chu to pay the filing fee or file an application to proceed *in forma pauperis* after appointed counsel appears for him.

The Court has examined Chu's habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and determines that it merits service upon the respondents.  The Court will order the petition served upon the respondents and will order the respondents to appear, but will not require any further action on the part of the respondents at this time.

State prisoners not sentenced to death petitioning for habeas corpus relief in federal court are not entitled to appointed counsel unless the circumstances indicate that appointed counsel is necessary to prevent due process violations.  *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam).  The court may, however, appoint counsel at any stage of the proceedings if the interests of justice so require. 18 U.S.C. § 3006A; *see also* Rule

8(c), Rules Governing § 2254 Cases; Chaney, 801 F.2d at 1196.  Chu's filings indicate that this action may be relatively complex, and that he may not be able to litigate it *pro se*.  The Court finds that the interests of justice call for appointment of counsel.  Therefore, the Court will grant Chu's motion for appointment of counsel and will appoint the Federal Public Defender for the District of Nevada (FPD) to represent him.

**IT IS THEREFORE ORDERED** that the requirement that Petitioner pay the filing fee, or file an application to proceed *in forma pauperis*, is suspended.  The Court will set a deadline for Petitioner to do one or the other after appointed counsel appears for him.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Appointment of Counsel (ECF No. 1-2) is granted.  The Federal Public Defender for the District of Nevada (FPD) is appointed to represent Petitioner.  If the FPD is unable to represent Petitioner, because of a conflict of interest or for any other reason, alternate counsel will be appointed.  In either case, counsel will represent Petitioner in all federal court proceedings relating to this matter, unless allowed to withdraw.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to electronically serve upon the FPD a copy of this order, together with a copy of the petition for writ of habeas corpus (ECF No. 1-1).

**IT IS FURTHER ORDERED** that the FPD will have 30 days from the date of this order to file a notice of appearance or to indicate to the Court its inability to represent Petitioner.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the Attorney General only.

**IT IS FURTHER ORDERED** that Respondents will have 30 days from the date of this order to appear in this action.  Respondents will not be required to respond to the habeas petition at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court is also kindly directed to:

- separately file the petition for writ of habeas corpus (ECF No. 1-1) and the motion for appointment of counsel (ECF No. 1-2);

- revise the docket to reflect that the petitioner's name is "Eric Chu" (not "Erie Chu");

- revise the docket to reflect that, pursuant to Federal Rule of Civil Procedure 25(d), Jeremy Bean is substituted for William Gittere, as the respondent warden.

DATED THIS ___19___ day of _____ March _____, 2026.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE

3